1  McGREGOR W. SCOTT
   United States Attorney
2  HENRY Z. CARBAJAL III
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                        IN THE UNITED STATES DISTRICT COURT
9                        EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,          CASE NO.  1:18-CR-00261 NONE-SKO

12                    Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                        TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                        ORDER

14  LORENE DEANDA,                      DATE: March 30, 2020
                                        TIME: 1:00 p.m.
15                    Defendant.        COURT: Hon. Sheila K. Oberto

16

17        This case is set for Status Conference on March 30, 2020.  On March 17, 2020, this Court issued

18  General Order 611, which suspends all jury trials in the Eastern District of California scheduled to

19  commence before May 1, 2020.  This General Order was entered to address public health concerns

20  related to COVID-19.

21        Although the General Order addresses the district-wide health concern, the Supreme Court has

22  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-

23  endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner*

24  *v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

25  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

26  at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

27  judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

28  orally or in writing").

                                              1
   STIPULATION REGARDING EXCLUDABLE TIME
   PERIODS UNDER SPEEDY TRIAL ACT

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the Status Conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

    1.      By previous order, this matter was set for status on March 30, 2020.

    2.      By this stipulation, defendant now moves to continue the status conference until June 15, 2020, and to exclude time between March 30, 2020, and June 15, 2020, under 18 U.S.C. §§

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1 | 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) and Local Code T4.

2 | 3. The parties agree and stipulate, and request that the Court find the following:

3 | a) The government has represented that the discovery associated with this case

4 | currently includes more than 150,000 pages of discovery, including a significant volume of

5 | financial records, investigative reports and related documents. This discovery has been either

6 | produced directly to counsel and/or made available for inspection and copying.

7 | b) Counsel for defendant desires additional time in preparation of this case. Defense

8 | counsel has made significant progress in the case but needs additional time to conduct further

9 | investigation and communicate with their client. Thus, the requested continuance will conserve

10 | time and resources for the parties and the Court.

11 | c) Counsel for defendant believes that failure to grant the above-requested

12 | continuance would deny him/her the reasonable time necessary for effective preparation, taking

13 | into account the exercise of due diligence.

14 | d) The government does not object to the continuance.

15 | e) In addition to the public health concerns cited by General Order 611 and

16 | presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

17 | this case because the defendant is in a high-risk category with respect to COVID-19 and counsel

18 | has been encouraged to telework and minimize personal contact to the greatest extent possible.

19 | It will be difficult to avoid personal contact should the hearing proceed.

20 | f) Based on the above-stated findings, the ends of justice served by continuing the

21 | case as requested outweigh the interest of the public and the defendant in a trial within the

22 | original date prescribed by the Speedy Trial Act.

23 | g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24 | et seq., within which trial must commence, the time period of March 30, 2020 to June 15, 2020,

25 | inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i),

26 | (ii) and (iv) [Local Code T4] because it results from a continuance granted by the Court at

27 | defendant's request on the basis of the Court's finding that the ends of justice served by taking

28 | such action outweigh the best interest of the public and the defendant in a speedy trial.

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4         IT IS SO STIPULATED.

5

6

7   Dated:  March 18, 2020                          McGREGOR W. SCOTT
                                                    United States Attorney

8

9                                                   /s/ HENRY Z. CARBAJAL III
                                                    HENRY Z. CARBAJAL III
                                                    Assistant United States Attorney

10

11

12   Dated:  March 18, 2020                         /s/ REED GRANTHAM
                                                    REED GRANTHAM
                                                    Counsel for Defendant

13                                                  LORENE DEANDA

14

15

16                                       **ORDER**

17         The time period of the date of this order to June 15, 2020, inclusive, is deemed excludable

18  pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a

19  continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends

20  of justice served by taking such action outweigh the best interest of the public and the defendant in a

21  speedy trial.

22

23  IT IS SO ORDERED.

24  Dated:  __**March 18, 2020**__                    /s/ _Sheila K. Oberto_

25                                                  UNITED STATES MAGISTRATE JUDGE

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT