UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LORENE DEANDA,<br><br>　　　　Defendant. | Case No.: 1:18-cr-00261 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 85) |

Lorene Deanda is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 85.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because she received an upward adjustment under U.S.S.G. § 3A1.1 and her previously imposed sentence falls below the minimum of the proposed amended guidelines sentencing range. (*See* Doc. 97.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

On April 3, 2023, pursuant to a written plea agreement, Defendant pled guilty to mail fraud, in violation of 18 U.S.C. § 1341. (Docs. 62, 63.) Following Defendant's guilty plea, a presentence investigation report ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 26, which included a two-level upward adjustment under U.S.S.G. § 3A1.1(b)(1) and a two-level upward adjustment under U.S.S.G. § 3A1.1(b)(2) because Defendant's offense involved

vulnerable victims. (*See* Doc. 72, PSR ¶¶ 28-29, 36.) Defendant was assessed 0 criminal history points, which resulted in a criminal history score of 0. (PSR ¶¶ 42-43.) According to the sentencing table at U.S.S.G. Chapter 5, Part A, Defendant's criminal history score placed her in criminal history category I. (PSR ¶ 44.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 63 to 78 months. (PSR ¶ 76.)

The Court held a sentencing hearing on December 11, 2023. (Doc. 80.) The Court adopted the findings in the PSR without change but imposed a below-guideline sentence of 37 months based on its consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a). (Doc. 80; Doc. 82 at 2; Statement of Reasons ("SOR") at 1, 3.) Defendant now asks the Court to reduce her sentence by 7 months under Part B of Amendment 821 to the U.S. Sentencing Guidelines, which provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet each of the following criteria:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
9. *the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim)* or § 3A1.5 (Serious Human Rights Offense); and
10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not

engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]
U.S.S.G. § 4C1.1(a) (emphasis added).

Defendant seeks a two-offense-level reduction on the basis that she meets the criteria under § 4C1.1(a). (Doc. 85 at 1.) However, as indicated above, this is inaccurate. The presentence report recommended two upward adjustments under § 3A1.1 because Defendant's offense involved vulnerable victims, which the Court imposed at sentencing. (PSR ¶¶ 28-29; SOR at 1.) Therefore, Defendant does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(9) and, as a result, she is ineligible for relief under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 85) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 15, 2024**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE

3